IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATERRAL ENGLAND, in her Capacity of Administrator of the Estate of TERRY THURMOND, deceased; CRYSTEN JACKSON, as Next of Kin and Natural Guardian of the Minor Children of Decedent; and NIYAH THURMOND; | ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO.: |
| | ) | 1:23-CV-05443-MHC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CLAYTON COUNTY, GEORGIA; CORRECTHEALTH CLAYTON, LLC; MILLENIA MEDICAL SERVICES, INC.; LEVON ALLEN, in his Official Capacity; DIONTE McCAULEY, in his Individual and Official Capacity; FRED DENSON, in his Individual and Official Capacity; RANDY GADDY, in his individual and Official Capacity; DERRICK DOYLE, in his Individual and Official capacity; ELLONTE JOHNSON; DANILO JONES, in his Individual and Official Capacity; TAMEIKA SMITH, in her Individual and Official Capacity; JESSICA CASTELLANOS; PETER LONGONJE; and DOES 1-10; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | | |

## <u>DEFENDANT SHERIFF LEVON ALLEN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES</u>

COMES NOW Defendant SHERIFF LEVON ALLEN, in his official capacity as the Clayton County Sheriff, and hereby submits this Answer and Defenses to Plaintiff's Complaint [Doc. 1] ("Complaint"), showing the Court as follows:

### <u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

### <u>SECOND DEFENSE</u>

Plaintiff's alleged Section 1983 claim is barred because Plaintiff has failed to plead with the specificity required to state a cause of action.

### <u>THIRD DEFENSE</u>

The claims and allegations in the Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional tort.

### <u>FOURTH DEFENSE</u>

This Defendant asserts that the Plaintiff's rights were not violated as a result of the occurrence giving rise to Plaintiff's Complaint. The Plaintiff did not suffer the loss of rights, privileges or immunities secured by the law of the United States,

the United States Constitution, or the laws of Georgia as a result of the acts and/or omissions of this Defendant.

## FIFTH DEFENSE

This Defendant did not breach any duty owed to Plaintiff based upon the allegations contained in the Complaint.

## SIXTH DEFENSE

Plaintiff's federal claims against this Defendant, sued in his official capacity only, are barred by the Eleventh Amendment.

## SEVENTH DEFENSE

To the extent allowed by law, this Defendant in his official capacity is entitled to sovereign immunity from any state law claim asserted against him.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of Plaintiff and not from any act or omission of this Defendant.

## NINTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's damages, if any, were directly and proximately caused by the contributory and comparative negligence of Plaintiff.

## TENTH DEFENSE

No act or omission of this Defendant either proximately caused or contributed to any damages alleged in this case.

## ELEVENTH DEFENSE

Plaintiff's damages, if any, were the proximate cause of unforeseeable, intervening, and superseding causes, which bar any recovery against this Defendant.

## TWELVETH DEFENSE

This Defendant asserts that Plaintiff's alleged damages, if any, were directly and proximately caused by persons or entities other than this Defendant.

## THIRTEENTH DEFENSE

No custom, practice, policy or procedure of this Defendant deprived Plaintiff of any constitutional right.

## FOURTEENTH DEFENSE

This Defendant asserts that Plaintiff is not entitled to the requested relief.

## FIFTEENTH DEFENSE

Defendant asserts any and all affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter be applicable to this action.

## SIXTEENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to Defendant during the course of the investigation and discovery.

## SEVENTEENTH DEFENSE

As a next Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## INTRODUCTION

### 1.

This Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### 2.

The allegations of Paragraph 2 are requests for relief requiring no response from this Defendant. To the extend a response is required, this Defendant denies any and all liability.

### 3.

The Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.

This Defendant admits that Plaintiff purports to sue Defendants under 28 U.S.C. §§ 1331 1343, 42 U.S.C. §§ 12133, 1983, and 1988, and pendent state claims. This Defendant denies any and all liability to Plaintiff.

5.

The allegations of Paragraph 5 regarding venue are statements of law requiring no response from this Defendant. In further response, this Defendant admits that this Court is the proper venue for Plaintiff's claims pursuant to 28 U.S.C. § 1391.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## PARTIES

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits that he is the Sheriff of Clayton County. This Defendant further admits that Plaintiff purports to sue him in his official capacity, but Defendant denies any and all liability. The remaining allegations are statements

of law requiring no response from this Defendant. To the extent further response is required, this Defendant admits that the sheriff is a constitutional officer who operates the county jail, and that a Georgia sheriff is an arm of the state when carrying out the functions described in Paragraph 12. This Defendant denies the remaining allegations as stated.

13.

This Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

25.

This Defendant admits that Terry Thurmond was transported to Clayton County Jail from Hartsfield-Jackson International Airport after his arrest for criminal trespass. This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant admits that Mr. Thurmond had been detained at the Jail prior to the subject incident date. This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant admits that Mr. Thurmond was assigned to Housing Unit 1. This Defendant further responds that the allegation that this Defendant had the authority and responsibility for implementing the Jail's policy and procedures for the classification and assignments of inmates is a legal conclusion that does not require a response. To the extent further response is required, this Defendant generally admits said allegation. This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant admits that detention officers responded when Mr. Thurmond exhibited erratic behavior and that an "Active 53" call was made. This Defendant denies as stated the remaining allegations of Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant states that any CCTV of the incident speaks for itself. This Defendant denies as stated the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies as stated the allegations in Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant admits that the Clayton County Medical Examiner's Office ruled Mr. Thurmond's death a homicide. This Defendant denies the remaining allegations of Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies as stated the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

This Defendant admits the allegations in Paragraph 46 of Plaintiff's Complaint.

47.

This Defendant denies as stated the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

This Defendant denies as stated the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

This Defendant denies as stated the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

This Defendant denies as stated the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

This Defendant denies as stated the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

This Defendant admits that a nurse arrived at the incident scene. This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

This Defendant denies as stated the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

This Defendant denies as stated the allegations contained in Paragraph 56 of Plaintiff Complaint.

57.

This Defendant denies as stated the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

This Defendant denies as stated the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

This Defendant denies as stated the allegations in Paragraph 67 of Plaintiff's Complaint.

68.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

This Defendant responds that Paragraph 69 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant generally admits that he has a duty to reasonably accommodate inmates with mental impairments. This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 69 of Plaintiff's Complaint. This Defendant denies any and all liability to Plaintiff.

70.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

This Defendant denies as stated the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

This Defendant denies as stated the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

This Defendant denies as stated the allegations contained in Paragraph 73 of Plaintiff's Complaint.

## COUNT I
## EXCESSIVE AND DEADLY FORCE
### (Restraining Officers)

74.

This Defendant responds that the CCSO Rules and Regulations speak for themselves and, to the extent any allegations in Paragraph 74 are inconsistent with the document, this Defendant denies those allegations.

75.

This Defendant responds that the CCSO Rules and Regulations speak for themselves and, to the extent any allegations in Paragraph 75 are inconsistent with the document, this Defendant denies those allegations.

76.

This Defendant responds that the CCSO Rules and Regulations speak for themselves and, to the extent any allegations in Paragraph 76 are inconsistent with the document, this Defendant denies those allegations.

77.

This Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

This Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

This Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

This Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

This Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

This Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

This Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

This Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

This Defendant denies as stated the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

This Defendant responds that Paragraph 86 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant denies allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

This Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

This Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

## COUNT II
## FAILURE TO INTERVENE
### (Restraining and Observing Officers )

89.

This Defendant responds that Paragraph 89 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant generally admits that officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers.

90.

This Defendant denies as stated the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

This Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

This Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

This Defendant denies as stated the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

This Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

This Defendant denies allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

This Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

This Defendant denies as stated the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

This Defendant denies as stated the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

This Defendant responds that Paragraph 102 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 102 of Plaintiff's Complaint.

## <u>COUNT III</u>
## <u>DELIBERATE INDIFFERENCE TO MEDICAL NEED</u>
### (Restraining and Observing Officers)

103.

This Defendant denies as stated the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

This Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

This Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.

This Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.

This Defendant denies as stated the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.

This Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.

This Defendant denies as stated the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

This Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

This Defendant denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

## COUNT IV
## PRACTICE OR PATTERN OF DELIBERATE INDIFFERENCE TO MEDICAL NEED
### (Clayton County and Allen)

112.

This Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.

This Defendant denies as stated the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.

This Defendant denies as stated the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.

This Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.

This Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.

This Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.

This Defendant denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.

This Defendant denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

This Defendant denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.

This Defendant denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.

This Defendant denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.

This Defendant denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.

This Defendant denies the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.

This Defendant denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.

This Defendant responds that Paragraph 126 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant denies as stated the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.

This Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.

This Defendant denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.

This Defendant denies the allegations contained in Paragraph 129 of Plaintiff's Complaint.

## <u>COUNT V</u>
## DELIBERATE INDIFFERENCE TO MEDICAL NEED
### (Castellanos, Longonje, CorrectHealth and Millenia)

130.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.

This Defendant responds that Paragraph 132 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.

This Defendant denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.

This Defendant denies as stated the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.

This Defendant denies as stated the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.

This Defendant denies as stated the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.

The Defendant denies as stated the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.

This Defendant denies the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.

This Defendant denies the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.

This Defendant denies the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.

This Defendant denies the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.

This Defendant denies the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.

This Defendant denies the allegations contained in Paragraph 146 of Plaintiff's Complaint.

## <u>COUNT VI</u>
## **DELIBERATE INDIFFERENCE TO MENTAL HEALTH CRISIS**
### **(Clayton County, Allen, CorrectHealth, and Millenia)**

147.

This Defendant responds that Paragraph 147 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is

required, this Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.

This Defendant generally admits the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.

This Defendant generally admits the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.

This Defendant denies as stated the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.

This Defendant denies as stated the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.

This Defendant denies the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.

This Defendant denies the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.

This Defendant denies the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.

This Defendant denies the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.

This Defendant denies the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.

This Defendant denies the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.

This Defendant denies the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.

This Defendant denies the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160.

This Defendant denies the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.

This Defendant denies the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.

This Defendant denies the allegations contained in Paragraph 162 of Plaintiff's Complaint.

## COUNT VII
## UNCONSTITIONAL VIOLATIONS OF ADA
### (Allen and Restraining Officers)

163.

This Defendant responds that Paragraph 163 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant generally admits the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.

This Defendant responds that Paragraph 164 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant denies as stated the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.

This Defendant responds that Paragraph 165 of Plaintiff's Complaint is a legal conclusion that does not require a response. To the extent a response is required, this Defendant denies as stated the allegations contained in Paragraph 165 of Plaintiff's Complaint. This Defendant denies any and all liability to Plaintiff.

166.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.

This Defendant denies as stated the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169.

This Defendant denies the allegations contained in Paragraph 169 of Plaintiff's Complaint.

170.

This Defendant denies the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 171 of Plaintiff's Complaint.

172.

This Defendant denies the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.

This Defendant denies the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174.

This Defendant denies the allegations contained in Paragraph 174 of Plaintiff's Complaint.

## COUNT VIII
## PROFESSIONAL NEGLIGENCE
### (Castellanos and Longonje)

175.

The affidavit attached as Exhibit B to the Complaint speaks for itself, and to the extent any allegations contained in Paragraph 175 are inconsistent with the statements contained therein, this Defendant denies those allegations. This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 175 of Plaintiff's Complaint.

176.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 176 of Plaintiff's Complaint.

177.

The affidavit attached as Exhibit B to the Complaint speaks for itself, and to the extent any allegations contained in Paragraph 177 are inconsistent with the statements contained therein, this Defendant denies those allegations. This

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 179 of Plaintiff's Complaint.

180.

This Defendant denies as stated the allegations contained in Paragraph 180 of Plaintiff's Complaint.

181.

This Defendant denies as stated the allegations contained in Paragraph 181 of Plaintiff's Complaint.

## COUNT IX
## VICARIOUS LIABILTY
## (CorrectHealth and Millenia)

### 182.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 182 of Plaintiff's Complaint.

### 183.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 183 of Plaintiff's Complaint.

### 184.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 184 of Plaintiff's Complaint.

### 185.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 186 of Plaintiff's Complaint.

## COUNT X
## NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION
### (CorrectHealth and Millenia)

187.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 187 of Plaintiff's Complaint.

188.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 188 of Plaintiff's Complaint.

189.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 189 of Plaintiff's Complaint.

190.

This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 190 of Plaintiff's Complaint.

## <u>COUNT XI</u>
## PUNITIVE DAMAGES AND ATTORNEY FEES

191.

This Defendant denies the allegations contained in Paragraph 191 of Plaintiff's Complaint.

192.

This Defendant denies the allegations contained in Paragraph 192 of Plaintiff's Complaint.

193.

In further response to Plaintiff's Complaint, this Defendant denies each and every claim or allegation not specifically admitted to herein.  Further, this Defendant denies that Plaintiff is entitled to any of the relief set forth in its "WHEREFORE" clause, including but not limited to Paragraphs (a) through (h).

WHEREFORE, having fully listed Defendant's defenses and having fully answered Plaintiff's Complaint, this Defendant prays as follows:

(a)    That judgment be entered in favor of this Defendant and against Plaintiff on the Complaint;

(b)     That the costs of this action, including attorney fees, be cast against

Plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just

and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY OF 12 JURORS.**

Respectfully submitted this 29th day of January, 2024.

**Cruser, Mitchell, Novitz, Sanchez,
Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260
Email:  kwoodward@cmlawfirm.com
Direct Dial:  404-881-2623

*/s/ Edward B. Greenblat*
Edward B. Greenblat
Georgia Bar No. 482735
Email:  egreenblat@cmlawfirm.com
Direct Dial:  678-684-1759

*(Attorneys for Defendants Sheriff
Levon Allen)*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1</u>

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

This 29th day of January, 2024.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have this day electronically submitted the foregoing *DEFENDANT SHERIFF LEVON ALLEN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and via regular mail to *pro se* parties. Counsel of record are:

Isaac Tekie
Thomas E. Reynolds, Jr.
REYNOLDS LAW GROUP, LLC
itekie@thomasreynoldslaw.com
treynolds@thomasreynoldslaw.com
*(Attorneys for Plaintiffs)*

Chelsea Nicole Murphy
Thomas Edward Lavender, III
LAVENDER HOFFMAN ALDERMAN, LLC
Chelsea.murphy@lhalawyers.com
Ted.lavender@lhalawyers.com
*(Attorneys for CorrectHealth Clayton, LLC and Peter Longonje)*

Brynda Rodriguez Insley
TAYLOR ENGLISH DUMA LLP
binsley@taylorenglish.com
*(Attorneys for Millenia Medical Services, Inc.)*

This 29th day of January, 2024.

                           **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

                           */s/ Karen E. Woodward*
                           Karen E. Woodward
                           Georgia Bar No. 775260